UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

DION WHITE,

    Defendant.
                                /

Case No. 17-cr-20330

Honorable Nancy G. Edmunds

**OPINION AND ORDER DENYING DEFENDANT'S EMERGENCY MOTION FOR REDUCTION IN SENTENCE (COMPASSIONATE RELEASE) [58]**

Defendant Dion White is currently in the custody of the Federal Bureau of Prisons (FBOP) at Elkton FCI. (ECF no. 61.) Pending before the Court is Defendant's emergency motion for reduction in sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). (ECF no. 58.) The government filed a response. (ECF nos. 61, 62 *sealed*.)

**I. Background**

In 2015, Defendant entered into a conspiracy with another person to accept a packaged containing heroin that was mailed from Arizona to an apartment in Ypsilanti. (Rule 11 Plea Agreement, ECF no. 35.) Defendant agreed that upon receipt of the package in Michigan, he would deliver it to a co-conspirator so that person could further distribute the heroin in Michigan. (ECF no. 35.) As part of the agreement, the package was mailed from Arizona. (ECF no. 35.) On October 18, 2018, Defendant pleaded guilty to one count (Count 1) of conspiracy to distribute controlled substances - heroin, in violation of 21 U.S.C. §§ 841 and 846. (ECF no. 35.) In May 2019, Defendant was sentenced to 24 months in

prison, followed by three years of supervised release. (Judgment, ECF no. 49.)

**II. Analysis**

Defendant files his motion for compassionate release against the backdrop of a pandemic unprecedented in our lifetime. The prison system has not been exempt from concerns or cases of COVID-19 within its population. Defendant brings this motion arguing that his underlying and pre-existing medical conditions are serious risk factors for developing severe, possibly life-threatening symptoms should he contract COVID-19. (Def.'s Mot. 2, ECF No. 58.) Defendant moves for compassionate release and resentencing under 18 U.S.C. § 3582(c)(1)(A). (ECF no. 58.)

As amended by the First Step Act, 18 U.S.C. § 3582(c)(1)(A) provides that

> The court may not modify a term of imprisonment once it has been imposed except that—
>
> (1) in any case—
>
>   (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction;
> . . .
> ... and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c)(1)(A)(i). The provisions require a defendant to both satisfy the exhaustion requirement and demonstrate that "extraordinary and compelling reasons"

warrant a sentence reduction. As an initial matter, Defendant satisfied the exhaustion requirement. He made a request for compassionate release to the board of prisons in May 2020. (ECF no. 61-3.) He received a denial of his request from the U.S. Department of Justice dated May 8, 2020. (ECF no. 61-4.)

The applicable Sentencing Commission policy statement limits compassionate release to a narrow group of defendants with "extraordinary and compelling reasons" for release in four categories: (A) Medical Condition of the Defendant, (B) Age of the Defendant, (C) Family Circumstances, and (D) Other Reasons "[a]s determined by the Director of the Bureau of Prisons," and who are not "a danger to the safety of any other person or to the community." *See* U.S.S.G. § 1B1.13(2) and commentary n.1.

Defendant argues that the asthma, hypertension, and bronchitis he has had "since being incarcerated", as well as his cellmate having tested positive for COVID-19, put him in danger of having severe life-threatening symptoms if he should contract COVID-19. Defendant is 34 years old and there is neither argument nor evidence that he is terminally ill. For a non-terminal medical condition to qualify as an "extraordinary and compelling reason" for compassionate release, Defendant must be suffering from "a serious physical or medical condition" or "a serious functional or cognitive impairment" "that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he . . . is not expected to recover." U.S.S.G. § 1B1.13, commentary n. 1(a)(ii). Defendant has neither alleged nor shown a condition that meets this degree of seriousness, nor is there evidence that a condition causes Defendant to have trouble with providing self-care, even when considered in the context of the current pandemic.

Defendant's medical history shows treatment for asthma and hypertension. As the government points out, neither of these conditions appears on the Center for Disease Control's (CDC) list of underling medical conditions for which people "*are* at increased risk for severe illnes from the virus that causes COVID-19." Both conditions are now on the list of conditions with which "adults of any age . . . *might* be at an increased risk for severe illness from the virus that causes COVID-19" and includes on the list both moderate to severe asthma and hypertension or high blood pressure. *See* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (visited 11/4/2020) (emphasis added). In March 2020, Defendant's blood pressure was elevated, yet it was noted that he was "non-compliant" with his medication, so he was changed to a different medication. (ECF no. 62.) In a May 18, 2020 follow-up visit for hypertension, Defendant stated that he had not taken his medication that day, but agreed to restart it. (ECF no. 62.) Defendant is prescribed an Albuterol inhaler for the asthma, but there is no evidence that it is severe.

The facility at which Defendant is housed had one of the most serious outbreaks of COVID-19 among the FBOP facilities in the early stages of the pandemic. *See generally Wilson v. Williams*, 961 F.3d 829, 840 (6th Cir. 2020). As a result of FBOP plans to reduce the spread of the virus, Defendant underwent asymptomatic testing for COVID-19 in May, June and July. In June he had a positive COVID test, yet there is no indication of associated symptoms. (Gov't's Resp. Ex. 4, ECF no. 62 *sealed* pp. 32, 46, 49.) Even if Defendant has a heightened risk for severe illness from the virus, that risk did not manifest itself when Defendant contracted the virus. And while it is unclear whether a person can be reinfected with COVID-19, patients infected with other similar viruses are unlikely to be

4

re-infected shortly after they recover. *See* Transmission, FAQs, Centers for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/hcp/faq.html. Defendant fails to show extraordinary and compelling reasons, even when considered under the current circumstances, to grant compassionate release.

Finally, § 1B1.13 provides that a defendant's sentence should be reduced under § 3582(c)(1)(A) only if releasing the inmate will not pose a danger to the safety of others or the community. *See* § 1B1.13(2) (citing 18 U.S.C. § 3142(g)).  Moreover, the Court must consider the sentencing factors set forth in 18 U.S.C. § 3553(a) to the extent that they are applicable.  *See* 18 U.S.C. § 3582(c)(1)(A).  Because the Court does not find compelling and extraordinary reasons for the Court to reduce Defendant's sentence, it need not reach these additional factors in this instance.

Defendant in his motion asserts that he is currently scheduled to be released from the FBOP on June 29, 2021, but that "he will actually be released to a re-entry center in November 2020." (Def.'s Mot. 2-3, 5, ECF no. 58.) There is no evidence before the Court to support this assertion. However, the Court's decision herein is not intended to be a recommendation against what may be the FBOP's decision to release Defendant this year to a residential re-entry center. The Court does not object to a decision by the FBOP to otherwise expedite Defendant's release to such a facility. This is a case in which the FBOP is in the best position to give careful consideration to the COVID-related policies for early release and other Department of Justice directives related to Defendant's release to an RRC or other community setting.

### III. CONCLUSION

Defendant's motion (ECF no. 58) is DENIED.

SO ORDERED.

                                  s/Nancy G. Edmunds
                                  Nancy G. Edmunds
                                  United States District Judge

Dated:  November 12, 2020

I hereby certify that a copy of the foregoing document was served upon counsel of record on November 12, 2020, by electronic and/or ordinary mail.

                                  s/Lisa Bartlett
                                  Case Manager